# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA             PLAINTIFF

V.             No. 4:20-CR-96-JM-1

CORY LEE SMITH             DEFENDANT

## ORDER

On February 14, 2022, the Court conducted a hearing on the Government's Petitions to Revoke the Pretrial Release of Defendant Cory Lee Smith. *Doc. 37; Doc. 44.* Smith was represented by Blake Byrd; the Government was represented by Assistant United States Attorney Anne Gardner. Smith's pretrial services officer, Lesciara Walker ("PTSO Walker"), was also present and testified.

The Government's Motion to Revoke is based on the allegation that Smith violated numerous conditions of his pretrial release, including testing positive for methamphetamine and THC. Smith does not deny THC use but denies using methamphetamine. Smith's counsel submitted a GoodRx printout suggesting that a false positive methamphetamine test can be caused by using Trazadone, an antidepressant Smith began taking on January 2, 2022. PTSO Walker testified that, based on scientific data relied on by the Probation Office and its drug experts, Trazadone cannot cause a false positive for methamphetamine. I accept PTSO

Walker's testimony on this issue over the vague source provided on the GoodRx website.

Testimony developed during the hearing revealed that North Little Rock police investigated a domestic abuse incident between Smith and his girlfriend, Latoria Rogers, on November 20, 2021.[1] The next day, Ms. Rogers called PTSO Walker to report the domestic violence incident. Ms. Rogers told Ms. Walker that Smith: (1) had been submitting urine from other people to the contract provider who was responsible for testing the urine; (2) was selling drugs; and (3) possessed a firearm.

On November 26, 2021, Smith met with PTSO Walker and was requested to provide a urine specimen. He initially claimed he could not urinate. He eventually provided a urine specimen but dropped it on the floor, preventing it from being tested.

A sweat patch was placed on Smith and test results from December 2 establish he was positive for amphetamine, methamphetamine, and marijuana. Also during December of 2021, Smith received three speeding tickets, and citations for driving an unregistered vehicle and driving without insurance. All of this suggests that Smith no longer saw much need to comply with the conditions of his O/R bond.

---

[1] Smith's conditions of pretrial release include the requirement that he reside with his wife, Tiffney Smith. *Doc. 17 at 2; Doc. 29*. Smith did not disclose to Ms. Walker that, while he was on this O/R bond, he was sometimes "staying" with Ms. Rogers.

2

Finally, Smith's refusal to provide a urine specimen on November 26 and testing positive for methamphetamine on December 2, are supportive of Ms. Rogers' claim that Smith may have been using methamphetamine for a substantial period of time prior to November 26 and avoiding detection by submitting clean urine from other people to the contract test provider. It is impossible for me to fairly assess the credibility of Ms. Rogers' other far more serious claims about Smith selling drugs while on O/R bond and possessing a firearm.

After considering Smith's conduct, in light of the factors set forth in 18 U.S.C. § 3142(g), the only condition available to me to reasonably assure the safety of the community is the most restrictive condition possible short of detention: <u>home incarceration and electronic monitoring</u>. 18 U.S.C. § 3148(b)(2)(A). Accordingly, the Government's Petitions to Revoke (*Doc. 37; Doc. 44*) are DENIED.

Smith's conditions of pretrial release are modified to include home incarceration and electronic monitoring at the residence he occupies with his wife, Tiffney Smith. Other than to visit with his attorney to assist in the preparation of his defense for trial, Smith is prohibited from leaving his residence. Smith must also comply with all of the other previously imposed conditions of his O/R bond. To make sure Smith stays drug free prior to his trial, which is currently scheduled for March 14, 2022, he will be randomly drug tested once a week by the Probation Office.

If Smith violates any of the conditions of his O/R bond, as modified, he will be detained until his trial. All other conditions of Smith's pretrial release remain in effect.

SO ORDERED, this 14th day of February, 2022.

                                                  */s/ J. Thomas Ray*
                                         UNITED STATES MAGISTRATE JUDGE